SHEPHERD, J.,
concurring in part, and dissenting in part.
My only disagreement with the decision of the majority in this case is that I also would affirm as to Jacques Aghion, on the ground Mr. Aghion was willfully inattentive to his rights.
As our supreme court fittingly has stated:
[A] person has no right to shut eyes or ears to avoid information, and then say that he has no notice; that it will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand.
Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (1932), adhered to on reh’g, 105 Fla. 245, 143 So. 648 (1932). Mr. Aghion has violated this fundamental precept.
Mr. Aghion attended the first trial of this case in December 2009, which ended in a mistrial.[3] The trial court announced the trial would be re-set. Mr. Aghion lives in Bogota, Colombia. By his own admission, he left the courthouse that day “anticipating” mail relating to the case would be sent to him at an address in Bogota. He also knew the national mail service of Colombia is unreliable. As he testified, he received mail at his Bogota address “irregularly.” Yet, he never sought to remedy the situation through the use of a private courier or some other alternative. Instead, as he further testified, he had long been trying to “close the door” on this ill-fated business transaction and “[begin] a new life.” As he candidly admitted, he wanted to “wash [his] hands” of the case. To that end, he blocked all e-mail traffic from any co-defendant who tried to contact him after December 2009.
The right of access to our courts and a jury trial never has been understood as a limitless warrant. If Mr. Aghion did not have the opportunity to exhibit a knowing waiver of his right to a jury trial at the second setting of this case, it was his own fault. I cannot imagine our state founders intended to give more rights to the slothful than the diligent in our society.
I would affirm the final judgment in all respects.[4]

. This case was filed on August 18, 2004. Attorneys representing Mr. Aghion have withdrawn on three occasions. It appears Mr. Aghion proceeded pro se from August 2008, before the first trial, to August 2010, after the second trial.

. I am also compelled to record that appellants’ counsel ingeniously parlayed one (ill-gotten) order granting a page enlargement on behalf of one of his clients into more than 600 pages of nearly identically worded briefs, raising more than eighty-five separate arguments for reversal. The majority found just one point to have merit, that being a point highlighted by eleventh-hour counsel retained by Mr. Aghion to file a (fourteen-page) reply brief. But for that point, Mr. Aghion’s fate in this case most likely would have been no different than that of all the other defendants in the case. I hope, without great expectation, this might serve as a lesson to the brief writers of the legal community. "Judges are *94 not like pigs, hunting for truffles buried in briefs.” United States v. Durikel, 927 F.2d 955, 956 (7th Cir.1991).